

FILED & JUDGMENT ENTERED
Steven T. Salata

Jun 27 2011

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

IN RE:                                          )
                                                )
**MICHAEL J. DOWNEY**                           )
**CONNIE L. DOWNEY**                            )       CASE NO: 10-10939
                                                )       Chapter 13
SSN: xxx-xx-6261                                )
SSN: xxx-xx-5117                                )
                        **DEBTORS** )

**ORDER GRANTING RELIEF FROM AUTOMATIC STAY**

      THIS CAUSE coming on to be heard and being heard before the undersigned United States Bankruptcy Judge for the Western District of North Carolina, upon request to lift the automatic stay and to allow foreclosure on the Debtors' residence at 107 New View Drive, Burnsville, NC, subject to a Deed of Trust recorded in Book 546, Page 519, Yancey County Registry, NC, held by Kondaur Capital Corporation and it appearing to the Court and the Court finding that the Debtors are in default in their payments on said real estate mortgage, but for the automatic stay provided by Title 11 U.S.C. §362 et.seq, the note holder would be entitled to foreclose on the real property subject to the aforesaid Deed of Trust under the power of sale therein contained or by judicial process.

      WHEREFORE, based upon the foregoing findings of fact the Court concludes as a matter of law that an Order should be entered granting relief from the automatic stay and note holder be permitted to repossess or exercise the power of sale pursuant to the Deed of Trust to sell the property.

      NOW, THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED that note holder is granted relief from the automatic stay provided by Title 11 U.S.C. et seq; that said relief is immediate, and the waiting period of F.R.B.P. 4001(a)(3) will not apply; and that the note holder or a duly appointed Substitute Trustee is allowed to repossess or exercise the power of sale granted him under the Deed of Trust hereinbefore referred to and pursuant to state law and is also allowed, pursuant to 11 U.S.C. §506(b), to assess $600.00 to the mortgage account for attorney fees and cost incurred in filing the Motion for Relief.

      Note holder (or Assignee) is allowed 180 days from the entry of this Order to liquidate the real property and file a documented deficiency claim with the Chapter 13 Trustee.

This Order has been signed electronically.          United States Bankruptcy Court
The Judge's signature and Court's seal
appear at the top of the Order.