Michael and Connie Downey
107 New View Drive
Burnsville, NC 28714



Case # 10-10939

With all do Respect your Honorable Judge Hodges,

My husband and I come to you with total respect, and would like to plea with you to review enclosed documents that I have included , and hopefully u find that this case needs to be re-heard . We filed Chapter 13 in the very beginning to save our home your Honor, it hasn't been easy for my husband and I to make the required amount of $8000.00 to $10,000 a month just to survive we have worked hard and been diligent in our efforts to hold true to the plan, we have even invested more money into the house and property to keep in looking its best, we have kept the property for sale thru-out this process, we have even lowered the price $350,000 as to attract a buyer so it's a win-win for all, we have since the beginning invested over $250,000 of our own money, we would just like the opportunity to re-coupe just a portion of this, we have 2 sons 19 and 18 still at home and a 5 year little girl at home, if we have to move we need money and time to relocate our family , this house and land has been our life for over 4 years now, we have given the trustee close to $50,000 since September 2011, a good portion of it went to the Mortgage company, they took every payment as far as I know , to only turn around and jerk the rug rite out from under us, this should have never happened they were apart of the confirmed plan, and we for a brief moment were able to breath for the fact that we had 5 years to be able to have the opportunity to refinance or sell our home. The home is a high maintenance home, and we are just looking for the opportunity to maintain the home and see it sold to a family that loves it as we do. We my husband and I built this home physically and mentally, we do not if at all possible want to see the home taken over by weeds and rodents, while not occupied. We got caught up in real estate and building collapse of 2008 and have tried with almost everything we have to hold on to and maintain the property, we have also been creative with marketing. So we ask you as Respectful and humbly as we can to please re-hear this case, and review the documents I have included.

Sincerely and Respectfully,

*[signatures]*

Michael and Connie Downey

August 1, 2010

**LOCAL FORM 4**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA ASHEVILLE DIVISION

| | | |
|---|---|---|
| In re: Michael J Downey<br>Connie L Downey<br><br>Debtor(s) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br>Chapter 13 |

**CHAPTER 13 PLAN INCLUDING NOTICE AND MOTION(S) FOR VALUATION; MOTION(S) TO AVOID CERTAIN LIENS; MOTION(S) FOR ASSUMPTION AND REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES. NOTICE OF OPPORTUNITY FOR HEARING ON CONFIRMATION OF THE PLAN INCLUDING ALL MATTERS AS SET FORTH IN THE PLAN**
**FOR CASES FILED ON OR AFTER AUGUST 1, 2010**

The following is the Chapter 13 plan proposed by the above-named debtor(s). **THE DETAILS OF THIS PLAN ARE SET FORTH IN THE PLAN DETAILS (AND ANY AMENDMENT THERETO) ATTACHED TO THIS PLAN AND ARE INCORPORATED HEREIN.** The plan may also include in its provisions certain motions to avoid liens, motions for valuation of collateral securing claims, and motions to assume or reject executory contracts and unexpired leases.

**The Motions Applicable To This Plan Are Noted on Page 1 of the Plan Details**

TAKE NOTICE: Your rights may be affected. You should read the plan carefully, including any motions contained in the plan, and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.

If you do not want the Court to confirm the proposed plan of the debtor(s), including any of the motions included in the plan, or if you want the court to consider your views on these matters, then you or your attorney must file with the Court a written objection to confirmation and request for hearing on confirmation at one of the following addresses:

Cases filed in the Charlotte, Shelby or Wilkesboro Divisions:
Clerk, U.S. Bankruptcy Court, P.O. Box 34189, Charlotte, N.C. 28234-4189

Cases filed in the Asheville or Bryson City Divisions:
Clerk, U.S. Bankruptcy Court, Room #112, 100 Otis Street, Asheville, N.C. 28801

Your objection to confirmation and request for hearing must include the specific reasons for your objection, and must be filed with the Court no later than fourteen (14) days following the conclusion of the Section 341(a) meeting of creditors. If you mail your objection to confirmation to the Court for filing, you must mail it early enough so that the Court will receive it on or before the deadline stated above. You must also serve a copy of your objection to confirmation on the debtor(s), the attorney for the debtor(s), and the Chapter 13 trustee at their addresses as they are listed in the notice of the meeting of creditors. If any objections to confirmation are filed with the Court, the objecting party will provide written notice of the date, time and location of the hearing on the objection. No hearing will be held unless an objection to confirmation is filed.

*[handwritten margin note: Your Honor →]*

If you or your attorney do not take these steps, the Court may decide that you do not oppose the proposed plan of the debtor(s), including any motions contained in the plan, and may enter an order confirming the plan and granting the motions. **Any creditor's failure to object to confirmation of the proposed plan shall constitute the creditor's acceptance of the treatment of its claim as proposed, pursuant to 11 U.S.C. Section 1325(a)(5)(A).**

STANDING STAY MODIFICATION: The automatic stay provided in 11 U.S.C. § 362(a) is modified in Chapter 13 cases as follows: Affected secured creditors may contact the debtor about the status of insurance coverage on property used as collateral. If there are direct payments to creditors, affected secured creditors may contact the debtor in writing

*your Honor please*

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None ☐ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| PNC → | | Foreclosure (to be stayed) |

**6. Assignments and receiverships**

None ■ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ■ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None ■ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None ■ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

LOCAL FORM 4                                                                August 1, 2010

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA ASHEVILLE DIVISION

In re:                                        )
    **Michael J Downey**                      )        Case No.
    **Connie L Downey**                       )
                                              )
                                              )
                                              )        Chapter 13
                                              )
                Debtor(s)                     )

## DETAILS OF CHAPTER 13 PLAN
## FOR CASES FILED ON OR AFTER AUGUST 1, 2010

The following information supplements and details the specific provisions of the debtor(s) plan, are incorporated therein, and should be read together with the attached Chapter 13 plan.

### APPLICABLE MOTIONS

Check the motions applicable to this plan.
- [x] Motion to Value Liens Includes Valuation of Property Securing A Claim
- [x] Motion to Value Liens includes Valuation of Property Securing A Claim in an Amount Less than the Amount of the Claim
- [ ] Motion to Avoid Liens §522(f)
- [ ] Motion to Assume Executory Contract(s) and Unexpired Leases
- [ ] Motion to Reject Executory Contract(s) and Unexpired Leases
- [ ] No Motions Applicable to this Plan

### PLAN PAYMENTS; ADMINISTRATIVE COSTS

1. a. The base plan proposes to pay $ __4,965.00__ per month for __60__ months

    (est. payout to unsecureds __10__ %)

   d. The attorney for the debtor(s) has received $0.00 of the total base attorney fee of $3,250.00.

### CLASSIFICATION AND TREATMENT OF CLAIMS

2. **Secured Claims**

   a. Treatment of Secured Claims:

| Creditor | Collateral | Value of Coll. | Claim Amt. | Treatment | Int. Rate (numeric) |
|---|---|---|---|---|---|
| 1. GMAC | 3050 Big Brush Creek Rd, Green Mountain NC | 140,000.00 | 150,000.00 | Direct | Contract |
| 2. PNC | Residence: 107 New View Drive, Burnsville, NC | 700,000.00 | 650,000.00 | Conduit | 3.25 |
| 3. PNC | Residence: 107 New View Drive, Burnsville, NC | 700,000.00 | 90,000.00 | Conduit | 8.00 |
| 4. BB&T | 2007 Toyota Tundra truck 4 door - Mileage 122,453, purchased 4/1/07 | 17,825.00 | 20,000.00 | As valued | 5.25 |
| 5. BB&T | 2008 Toyota Camry - Mileage 67,679 - purchased 3/12/08 | 12,625.00 | 21,000.00 | 910/365 | 5.25 |

*Handwritten annotation next to row 2: "what happened to Kordow?"*

| Creditor | Collateral | Value of Coll. | Claim Amt. | Treatment | Int. Rate (numeric) |
|---|---|---|---|---|---|
| 6. Honda Financial | 1990 BMW 325i motorcycle - Mileage 128,000 - purchased 12/05/07 | 5,000.00 | 2,492.70 | As valued | 5.25 |

b. Pre-petition arrearages, if any, to be paid through the Chapter 13 Trustee:

| Creditor | Collateral | Pre-pet. arrearage |
|---|---|---|
| 1. PNC | Residence: 107 New View Drive, Burnsville, NC | 19,683.00 |
| 2. PNC | Residence: 107 New View Drive, Burnsville, NC | 4,410.00 |

c. Monthly Conduit Payment

| Creditor | Mo. Conduit Payment |
|---|---|
| PNC | $2,187.00 |
| PNC | $735.00 |

d. Insurance information for secured claims (real property or motor vehicles)

| | Collateral | Insurance Agent and Address | Vehicle Mileage | VIN |
|---|---|---|---|---|
| 1. | Residence: 107 New View Drive, Burnsville, NC | Farm Bureau, Burnsville, NC 28714 | | |
| 2. | Residence: 107 New View Drive, Burnsville, NC | Farm Bureau, Burnsville, NC 28714 | | |
| 3. | 2007 Toyota Tundra truck 4 door - Mileage 122,453, purchased 4/1/07 | Farm Burear, Burnsville, NC 28714 | 122,453 | 5TFBV54107X013486 |
| 4. | 2008 Toyota Camry - Mileage 67,679 - purchased 3/12/08 | Farm Bureau, Burnsville, NC | 67,679 | 4T1BE46K68U262325 |
| 5. | 1990 BMW 325i motorcycle - Mileage 128,000 - purchased 12/05/07 | Farm Bureau, Burnsville, NC 28714 | 128,000 | WBABB2311LEC21939 |

3. **Priority Claims**

   a. Section 507(a)(2-10) Priority Claims

   i. ☒ None

   **OR**

   ii. The names and amounts of all claims entitled to priority under 11 U.S.C. Section 507, other than DSOs:

   Name                                                                                              Claim Amount

   b. Domestic Support Obligations ("DSOs")

  The aforesaid liens constitute judicial liens under 11 U.S.C. Section 522(f)(1). The property which this judicial lien encumbers is property which the debtor(s) is entitled to exempt under 11 U.S.C. Section 522 and the debtor(s) has claimed an exemption in the stated amount. The existence of this judicial lien impairs the exemption to which the debtor(s) is entitled under Section 1C-1601 of the North Carolina General Statutes or as otherwise applied under applicable state law.

  The debtor(s) respectfully moves the Court to issue an order compelling the above-stated creditors to cancel and avoid their judicial liens upon the real property described herein, effective upon discharge.

### Motion to Assume or Reject Executory Contracts and Unexpired Leases

a. The debtor(s) moves to assume or reject the executory contracts and unexpired leases as listed in Paragraph 5(c) of the Plan Details. If assumed, payments due after the filing of the case will be paid directly by the debtor(s) rather than by the trustee.

b. Unless otherwise provided, the debtor(s) proposes to promptly cure any pre-bankruptcy defaults on the assumed leases or contracts over the period of months stated, with said payments to be made by the trustee.

### General Provisions

1. To receive payment from the trustee, either prior to or following confirmation, a secured creditor must file a proof of claim. Secured claims which are not filed within the time period required by Federal Bankruptcy Rule 3002(c) may be disallowed or subordinated to other claims upon further order of the Court.

2. Confirmation of this plan does not bar a party in interest from objecting to a claim for good cause shown.

3. Unless otherwise ordered, any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the trustee, unless an itemized proof of claim for any deficiency is filed within one-hundred twenty (120) days (or one-hundred eighty (180) days if the property is real estate or manufactured housing) (or such other period as the Court orders) after the removal of the property from the protection of the automatic stay. For purposes hereof, the removal date shall be the date of the entry of the order confirming the plan, modifying the plan, or granting relief from stay. This also applies to creditors who may claim an interest in, or lien upon, property which is removed from the protection of the automatic stay of another lien holder or release to another lien holder.

4. If a claim is listed in the plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured for purposes of distribution and for any other purpose under the plan.

5. Property of the estate includes all of the property specified in 11 U.S.C. Section 541 and all property of the kind specified in such section acquired by the debtor(s) after commencement of the case but before the case is closed, dismissed or likewise converted to one under another chapter of the Code. All property of the debtor remains vested in the estate until completion of the plan.

6. All arrearages paid under the provisions of the plan will either accrue interest at the interest rate set forth in the plan under paragraph 4(d) of the Plan Details, or will accrue no interest if the plan so designates this treatment under the same paragraph. "Administrative Arrearages" is defined as the total amount of two full post-petition mortgage payments, which for purposes of distribution will be created by the Bankruptcy Trustee or added to the pre-petition arrearage claim if it exists.

7. Confirmation of the plan shall impose a duty on Real Property Creditors and/or servicers of such Creditors, with respect to application of mortgage and mortgage-related payments, to comply with the provisions of 11 U.S.C. §524(i), Local Rule 4001-1(e) and all Administrative Order(s) of the Bankruptcy Court relating to Arrearages, Administrative Arrearages, Mortgage Payments, and Conduit Mortgage Payments. The terms and conditions of the respective Administrative Orders are specifically incorporated herein by this reference as if completely set-forth with respect to the acceptance and application of all funds pursuant to the Conduit Mortgage Payment Rule. As a result, all Real Property Creditors and/or servicers for such Creditors shall have an affirmative duty to do the following upon confirmation of the Plan:

  A. To apply all post-petition payments received from the Chapter 13 Trustee and designated to the pre-petition arrearage claim and the administrative arrearage claim only to such claims;

# United States Bankruptcy Court
Western District of North Carolina
ASHEVILLE/BRYSON CITY DIVISIONS

IN RE: MICHAEL J. DOWNEY          CONNIE L. DOWNEY              Case: 10-10939
       107 NEW VIEW DRIVE          107 NEW VIEW DRIVE           Judge: George R. Hodges
       BURNSVILLE, NC 28714        BURNSVILLE, NC 28714         Dated: 3/9/2011

SSN #1:XXX-XX-6261
SSN #2:XXX-XX-5117

## MOTION OF TRUSTEE FOR DETERMINATION
## OF STATUS OF CLAIMS IN CONFIRMED PLAN

The undersigned trustee in the above-referenced Chapter 13 case reports that he has examined the Proofs of Claim filed in the case and hereby moves that the claims be allowed as reported below for payment by the trustee under the terms of the confirmed plan. To the extent that any claim as reported differs from the claim as scheduled or filed, the trustee OBJECTS to that claim and classifies it as he believes proper under applicable law. The claims as reported herein include those proofs of claim believed by the trustee to have been filed pursuant to Federal Rule of Bankruptcy Procedure 3004.

**IF YOU ARE A CREDITOR, TAKE NOTICE THAT YOUR RIGHTS MAY BE AFFECTED BY THE FINAL DISPOSITION OF THE TRUSTEE'S MOTION.**

| Claim # | Name and Address of Creditor | Amount | Forgive % | Classification |
|---|---|---|---|---|
| 019 | PRA RECEIVABLES MANAGEMENT, LLC / PORTFOLIO RECOVERY P.O. BOX 41067 / NORFOLK, VA 23541 | 3,422.38 | | Unsecured |
| 020 | KLEDIS & CO / 355 MERRIMON AVE ASHEVILLE, NC 28801-0000 | None | | Not Filed .00 |
| 021 | NC DEPT OF REVENUE / P O BOX 1168 RALEIGH, NC 27602-0000 | None | | Not Filed |
| 022 | PRA RECEIVABLES MANAGEMENT, LLC / PORTFOLIO RECOVERY P.O. BOX 41067 / NORFOLK, VA 23541 | 12,443.35 | | Unsecured |
| →023 | KONDAUR CAPITAL CORP / ONCE CITY BLVD WEST SUITE 1900 / ORANGE, CA 92868 | Continuing 2180.27 Per Month | | Secured |
| →024 | KONDAUR CAPITAL CORP / ONCE CITY BLVD WEST SUITE 1900 / ORANGE, CA 92868 | 28,864.05 | | Secured |
| 025 | PNC BANK / PO BOX 94982 CLEVELAND, OH 44101    No Local Form 14 filed | Continuing 735.00 Per Month | | Secured |
| 026 | PNC BANK / PO BOX 94982 CLEVELAND, OH 44101 | 5,660.83 | | Secured |
| 027 | PRA RECEIVABLES MANAGEMENT, LLC / PORTFOLIO RECOVERY P.O. BOX 41067 / NORFOLK, VA 23541 | 3,942.38 | | Unsecured |
| 028 | PRA RECEIVABLES MANAGEMENT, LLC / PORTFOLIO RECOVERY P.O. BOX 41067 / NORFOLK, VA 23541 | 6,379.56 | | Unsecured |
| 029 | SMITH DEBNAM LAW FIRM / P O BOX 26268 RALEIGH, NC 27611-6268 | None | | Not Filed .00 |
| 030 | TARGET NATIONAL BANK / C/O WEINSTEIN & RILEY, PS 2001 WESTERN AVE, STE 400 / SEATTLE, WA 98121 | 2,771.09 | | Unsecured |
| 031 | TRANSUNION / 1561 E. ORANGETHORPE AVE. FULLERTON, CA 92831 | None | | Notices .00 |
| 032 | VA MEDICAL CENTER / DEPT OF VETRAN AFFAIRS PO BOX 530269 / ATLANTA, GA 30353-0269 | None | | Not Filed .00 |
| 033 | THE VAN WINKLE LAW FIRM / C/O ALBERT SNEED PO BOX 7376 / ASHEVILLE, NC 28802-7376 | 1,387.11 | | Unsecured |
| 034 | PRA RECEIVABLES MANAGEMENT, LLC / PORTFOLIO RECOVERY P.O. BOX 41067 / NORFOLK, VA 23541 | 825.05 | | Unsecured |
| 035 | WESTSIDE RENTAL / 825 WEST US HWY 19E BURNSVILLE, NC 28714 | 1,204.53 | | Unsecured |
| 036 | YANCEY COUNTY TAX COLL / 110 TOWN SQUARE ROOM #1 / BURNSVILLE, NC 28714-0000 | None | | Not Filed .00 |
| 037 | KIMBERLY A. SHEEK / SHAPIRO & INGLE,LLP 10130 PERIMETER PARKWAY, STE 400 / CHARLOTTE, NC 28216 | None | | Notices |

Note: Your Honor, please notice Kondaur is confirmed and continuing.

*Your Honor, Please take note — mortgage company agreed and was confirmed in the plan: Please review all information and reconsider your decision: Sincerely & Respectfully, Connie Downey*

FILED & JUDGMENT ENTERED
David E. Weich

Oct 28 2010

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE/BRYSON CITY DIVISIONS

In re

Michael J. Downey
Connie L. Downey

SSN: XXX-XX-6261 Debtor(s)
SSN: XXX-XX-5117

Chapter 13

Case Number: 10-10939

**ORDER CONFIRMING PLAN**
(for cases filed on or after March 1, 2010)

THIS CAUSE COMING ON FOR HEARING BEFORE THE UNITED STATES BANKRUPTCY COURT for consideration of a Chapter 13 plan proposed by the above-referenced debtor(s) and upon the recommendation of the Chapter 13 trustee, the Court hereby finds and concludes as follows:

1 The debtor(s) has/have proposed a plan, including all pre-confirmation modifications to the proposed plan as were filed, and including any motions for valuation of security and the avoidance of liens as may be contained in the plan, all of which are incorporated by reference herein

2. Notice of the proposed plan, including any modifications to the plan and any motions as referenced hereinabove, was properly given to all necessary parties in interest.

3 The proposed plan, with any modifications, and any motions included in the proposed plan, comply with all applicable provisions of the Bankruptcy Code.

4. All Real Property Creditors who are to receive Conduit Payments from the Trustee shall Credit the First Conduit Payment disbursed by the Chapter 13 Trustee to this month and year: *November 1, 2010* Any party in interest who objects to this proposed disbursement schedule shall file such objection with the Clerk of Court within fifteen (15) days of the date of entry of this order. The Court shall schedule a hearing with notice to all affected parties in interest on any such objections that are timely filed.

Based upon the foregoing, **IT IS HEREBY ORDERED** as follows:

1 The proposed plan of the debtors, with any modifications, is **CONFIRMED**

2 Any motions for valuation of security and/or the avoidance of liens are **GRANTED.**

3. The trustee shall receive and disburse funds pursuant to the terms of the confirmed plan, applicable provisions of title 11, U S.C , and any relevant administrative orders of the Court now in effect and that may be entered in the future.

This Order has been signed electronically,
Pursuant to administrative order of the Court.
Effective as of date of entry.

George R. Hodges
United States Bankruptcy Judge

FILED & JUDGMENT ENTERED
Steven T. Salata

Jun 27 2011

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

George R. Hodges
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

IN RE:

MICHAEL J. DOWNEY
CONNIE L. DOWNEY                                    CASE NO: 10-10939
                                                    Chapter 13
SSN: xxx-xx-6261
SSN: xxx-xx-5117
                            DEBTORS

### ORDER GRANTING RELIEF FROM AUTOMATIC STAY

THIS CAUSE coming on to be heard and being heard before the undersigned United States Bankruptcy Judge for the Western District of North Carolina, upon request to lift the automatic stay and to allow foreclosure on the Debtors' residence at 107 New View Drive, Burnsville, NC, subject to a Deed of Trust recorded in Book 546, Page 519, Yancey County Registry, NC, held by Kondaur Capital Corporation and it appearing to the Court and the Court finding that the Debtors are in default in their payments on said real estate mortgage, but for the automatic stay provided by Title 11 U.S.C. §362 et.seq, the note holder would be entitled to foreclose on the real property subject to the aforesaid Deed of Trust under the power of sale therein contained or by judicial process.

WHEREFORE, based upon the foregoing findings of fact the Court concludes as a matter of law that an Order should be entered granting relief from the automatic stay and note holder be permitted to repossess or exercise the power of sale pursuant to the Deed of Trust to sell the property.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED that note holder is granted relief from the automatic stay provided by Title 11 U.S.C. et seq; that said relief is immediate, and the waiting period of F.R.B.P. 4001(a)(3) will not apply; and that the note holder or a duly appointed Substitute Trustee is allowed to repossess or exercise the power of sale granted him under the Deed of Trust hereinbefore referred to and pursuant to state law and is also allowed, pursuant to 11 U.S.C. §506(b), to assess $600.00 to the mortgage account for attorney fees and cost incurred in filing the Motion for Relief.

Note holder (or Assignee) is allowed 180 days from the entry of this Order to liquidate the real property and file a documented deficiency claim with the Chapter 13 Trustee.

This Order has been signed electronically.                United States Bankruptcy Court
The Judge's signature and Court's seal
appear at the top of the Order.

*Handwritten annotation:* → Note your Honor: during the Plan Period we were never in default of payment. Trustee may have been but us the debtors never were. Connie Downey

# EXPLANATIONS

FORM B9I (10/05)

| | |
|---|---|
| Filing of Chapter 13 Bankruptcy Case | A bankruptcy case under chapter 13 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side, and an order for relief has been entered. Chapter 13 allows an individual with regular income and debts below a specified amount to adjust their debts pursuant to a plan. A plan is not effective unless confirmed by the court. A copy or summary of the plan, if not enclosed, will be sent to you later. If object to confirmation, you will be sent notice of the date of the confirmation hearing. You may object to confirmation of the plan and attend hearing on your objection to confirmation. Unless the court orders otherwise, the debtor will remain in possession of the debtor's property and may continue to operate the debtor's business. |
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code §362 and §1301. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; garnishing or deducting from the debtor's wages; and starting or continuing lawsuits or foreclosures. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. The court, after notice and a hearing, may order that the United States Bankruptcy Administrator not convene the meeting if the debtor has filed a plan for which the debtor solicited acceptances before filing the case. |
| Claims | A Proof of Claim is a statement describing a creditor's claim and must be filed electronically with the Bankruptcy Court at the Bankruptcy court's web site at www.ncwb.uscourts.gov. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. If you do not file a Proof of Claim by the "Deadline to file a Proof of Claim" listed on the front side, you might not be paid any money on your claim from other assets in the bankruptcy case. To be paid you must file a Proof of Claim even if your claim is listed in the schedules filed by the debtor. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. **Filing Deadline for a Foreign Creditor:** The deadlines for filing claims set forth on the front of this notice apply to all creditors. If this notice has been mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors even if the debtor's case is converted to chapter 7. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| Foreign Creditors | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

---- Refer to Other Side for Important Deadlines and Notices ----

NOTICE IS HEREBY GIVEN that if the debtor fails to make timely payments to the trustee beginning within thirty (30) days of the filing date of the petition, or if the debtor fails to appear at the first meeting of creditors, or if the debtor fails to file all schedules, statements, lists and other documents required to be filed by the Federal Rules of Bankruptcy Procedures and the Local Bankruptcy Rules of this Court within the time period set forth in these rules, the debtor's case will be subject to dismissal without further notice or opportunity for hearing.

**From:** Edward Hay <ehay@phhlawfirm.com>
**To:** Daniel Hosfield <dhosfield@kondaur.com>
**Cc:** dutchessgg7@aol.com
**Subject:** RE: Downey #10-10939
**Date:** Wed, Sep 8, 2010 2:54 pm

I am sure they would like to discuss a loan modification. Feel free to contact them directly

Edward C. Hay, Jr.
Board Certified Specialist in Business and Consumer Bankruptcy Law
137 Biltmore Avenue
Asheville, NC 28801
828-255-8085

---

**From:** Daniel Hosfield [mailto:dhosfield@kondaur.com]
**Sent:** Wednesday, September 08, 2010 2:28 PM
**To:** Edward Hay
**Subject:** Downey #10-10939

Mr. Hay,

　　Kondaur Capital would like to request permission to speak with your clients, Michael and Connie Downey, in order to offer and provide information regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement or other Loan Workout/Loss Mitigation Agreement. Kondaur Capital acknowledges that such communications shall be limited and it shall not enforce or threaten to enforce any personal liability against the Debtor.
Please advise if this will be acceptable. Thank you.

Respectfully,

~~Dan Hosfield~~ Dustin
**Phone:** 888-566-3287 ext. 7097
**Direct:** 714-361-7097
**Fax:** 877-566-3287
dhosfield@kondaur.com

[Kondaur Logo]

One City Boulevard West, Suite 1900
Orange, CA 92868

> *Handwritten annotation:* Please Note your Honor: I spoke ~~to them~~ one time made it very clear we do not want to lose our home, they never got back to us. Connie Downey Dan is longer there left a message with Dustin havent heard to date.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR BUT DOES NOT IMPLY THAT KONDAUR CAPITAL CORPORATION IS ATTEMPTING TO COLLECT MONEY FROM ANYONE WHOSE DEBT HAS BEEN DISCHARGED PURSUANT TO (OR WHO IS UNDER THE PROTECTION OF) THE BANKRUPTCY LAWS OF THE UNITED STATES; IN SUCH INSTANCES, IT IS INTENDED SOLELY FOR INFORMATIONAL PURPOSES AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT.

**CONFIDENTIAL**
This message and any files transmitted with it may contain information that is privileged, confidential, and exempt from disclosure under applicable law. They are intended solely for the use of the intended recipient. If you are not the intended recipient, distributing, copying, disclosing or reliance on the contents of this communication is strictly prohibited. If you have received this communication in error, please immediately return this communication to the sender and delete the original message and any copy in your possession.

Kondaur Capital Corporation attempts to sweep harmful content (e.g., viruses) from e-mail and attachments; however, we cannot guarantee their safety and can accept no liability for any resulting damage. The recipient is responsible for verifying the safety of this message and any attachments before accepting them.

Bankruptcy Information

find the answer



Enter search...

- Home
- About Us
- Archives
- Basics
- Glossary

Your one-stop location for bankruptcy news and information.

# Conduit or Not to Conduit That Is The Chapter 13 Question

by Bankruptcy Law Network · Posted in Chapter 13 Bankruptcy

0

**Share**

0

Like



Note: [handwritten] your Honor:

One of the greatest areas of concern in a Chapter 13 is the mortgage payment. The big question is to conduit or not to conduit. The big question is should the Chapter 13 trustee pay the mortgage or should the debtor pay the mortgage company directly. The jurisdiction I practice is has always encouraged that the debtor pay the trustee and the trustee pay the mortgage payments. The payments made by the trustee to the mortgage company are called conduit payments. Despite what my clients wish conduit payments are always the best way to go.

☐

The benefits of the trustees making the payments are as follows:☐

1. <u>Record keeping</u>. The trustee keeps an accurate record of all payments made to the mortgage company. There is a record of when the payments are made and record as to when the checks were applied.

2. <u>No interest on the arrears</u>(or past due amount). Some jurisdictions do not allow for interest or additional late fees to be charges while conduit payments are made.

# STANDING ORDER
# EFFECTIVE OCTOBER 1, 2008

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
## JUDGES MARLAR AND HOLLOWELL'S STANDING ORDER ON
## CONDUIT MORTGAGE PAYMENTS IN TUCSON CHAPTER 13 CASES

This Standing Order is effective for all Chapter 13 cases assigned to Judges Marlar and Hollowell in cases where venue is in Tucson filed or pending after October 1, 2008.

I. REQUIRED CONDUIT PAYMENTS ON RESIDENTIAL PROPERTY: Regular payments owed by a Debtor to a Creditor holding a claim secured by the Debtor's principal residence shall be made by the Debtor to the Trustee for payment through the Chapter 13 Plan if the Debtor is (i) in default under the terms of the secured claim as of the petition date, or (ii) becomes in default under the terms of the secured claim after the Chapter 13 filing. Such payments are referred to as "Conduit Payments."

II. DEFINITIONS: As used in this Standing Order, the following capitalized terms shall mean:

   A. "Debtor" or "Debtors" are hereafter referred to as "Debtor."

   B. The Chapter 13 Trustee is referred to as "Trustee."

   C. The entity claiming a mortgage or servicer of the mortgage on the real property that is the principal residence of the Debtor is hereafter referred to as "Real Property Creditor."

   D. The term "Arrearage" is the total amount past due as of the date of filing or, if applicable, as of the date of the filing of an amended Chapter 13 Plan.

   E. "Plan" shall refer to a confirmed Chapter 13 Plan or confirmed amended Chapter 13 Plan.

   F. "Mail" shall mean regular mail, email or fax.

III. OTHER RULES APPLICABLE: Nothing in this Standing Order shall relieve any party from complying with any obligation under the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of the District and Bankruptcy

Courts of Arizona, or any applicable Standing Orders. These procedures shall not be modified by any plan language without express order from the Court.

IV. <u>DEBTOR'S DUTIES</u>

    A. Debtor may be excused from initially complying with the Standing Order only upon the entry of a Court order upon a showing of circumstances justifying the same. If Debtor is not excused from compliance, but later cures the Arrearages, Debtor may seek to be excused from compliance with the Standing Order by filing a motion with the Court on notice to the Trustee and all creditors.

    B. Debtor must complete the checklist and release of information form (Exhibits A and B) and forward those documents to Trustee (not to the Court) within 5 days of the filing of the bankruptcy petition.

    C. Debtor or Debtor's attorney shall mail or email to the Trustee, a copy of all correspondence, notices, statements, payment coupons, escrow notices and default notices concerning any adjustment to the monthly payments or interest rate immediately upon receipt or creation of the same.

    D. Debtor shall include the regular payment amount owing to the Real Property Creditor, inclusive of Trustee's fees, in the regular plan payment to be paid by Debtor to the Trustee.

    E. Pursuant to provisions of Paragraph V(D) below, in the event the monthly Conduit Payment changes due to either changed escrow requirements or a change in an adjustable interest rate, Debtor's plan payment to the Trustee shall change by the same amount, plus the Trustee's fee.

V. <u>TRUSTEE'S DUTIES</u>

    A. Provided that the Debtor has complied with the obligation set forth in Section IV above, the Trustee is authorized to deduct from any payments collected, pursuant to 11 U.S.C. § 1326, the authorized percentage fee (10%) on the funds distributed as necessary costs and expenses, together with any fee, charge or amount required under § 1326. The Trustee's obligations under this Order shall not render the Trustee a mortgage servicing agent nor subject the Trustee to any rules and regulations governing mortgage servicers.

    B. The Trustee shall allow as an administrative expense an amount equal to two full regular monthly payments inclusive of escrow deposits and two associated late fees. This allowance shall reimburse Real Property Creditor for postpetition delinquencies that may accrue until the Trustee begins payments to that creditor. Once Trustee begins dispersements which include Conduit Payments, such

2

        payments shall constitute current payments on the mortgage regardless of the contractual due date.

    C.    Postpetition contract installment payments to Real Property Creditor shall be made by the Trustee whether or not the Plan has been confirmed and whether or not the holder of the claim has filed a proof of claim. The Trustee is required to make a full mortgage payment for each full plan payment made by the Debtor. The Trustee is *not* required to make partial payments to Real Property Creditor.

    D.    A late charge may not be imposed on a postpetition contract installment payment paid or tendered to the Real Property Creditor during the contractual grace period even though an earlier installment, or any late charge thereon, may not have been paid when due. For purposes of determining whether a late charge may be imposed, any postpetition contract installment payment tendered by the Trustee shall be applied by the Real Property Creditor to the most recent postpetition contract installment payment to fall due.

    E.    Within 30 days after the Trustee has received any notice of a change in the Conduit Payment, the Trustee shall file a notice of the terms of the change with the Court and provide notice of that change to Debtor, Debtor's attorney, and Real Property Creditor. Such change shall be treated as an amendment to the Creditor's Real Property claim and Debtor's Plan and a party in interest shall have an opportunity to object to the amendment within 20 days of the filing of the notice. Such notice shall be deemed a request to modify Plan under § 1329. After the filing of the notice, the Trustee shall be authorized to disburse the new Conduit Payment. In the event of an objection to the notice, the objecting party shall set the objection for hearing. Until such time as a court order is entered sustaining the objection, the Trustee is authorized to dispense the new Conduit Payment.

    F.    Should the new Conduit Payment jeopardize the feasibility of the Plan, the Trustee may file a motion to amend the Plan or seek dismissal of the case, as the Trustee deems appropriate.

VI.    **REAL PROPERTY CREDITOR'S DUTIES**

    A.    The Real Property Creditor shall timely file a Proof of Claim, which shall include an accounting of the arrearages as of the Petition Date. Such arrearage calculation shall include: any prepetition payment defaults on principal and interest; a detailed calculation of any foreclosure fees; a detailed calculation of escrow arrearages, including any prepetition advances to the escrow account made by the Real Property Creditor; and a calculation of any prepetition escrow shortages, i.e. the amounts which were not contributed to the escrow account because of Debtor's prepetition payment default; and any other prepetition fees on the Debtor's account, such as inspection fees, late fees, corporate advances, etc.

3

B. Unless otherwise ordered by the court, the Real Property Creditor shall notify the Trustee, Debtor and the attorney for the Debtor, 60 days prior to the effective date of any change of payment amount (inclusive of escrow changes) and/or interest rate in a document that conforms with Exhibits C or D or by electronically filing a "Notice of Payment Change" which accurately and completely describes the reason for the change in payment in the ECF docket.

C. At least 60 days prior to a change of the name of the Real Property Creditor payee, or the address to which payments should be made, Real Property Creditor shall notify the Trustee, Debtor and the attorney for the Debtor, of any such change in a document that conforms to Exhibit E or by filing an assignment/transfer of claim in the ECF docket.

D. If Real Property Creditor is entitled to advance or incur expenses in connection with the servicing of the note or mortgage, it shall notify the Trustee, Debtor and Debtor's attorney of any such advances or expenses within 30 days after the advance or expense was paid in a document that conforms to Exhibit F.

E. The Real Property Creditor shall mail a copy to the Trustee of all copies of correspondence, notices, statements, payment coupons, escrow notices and default notices concerning any change to the monthly payment or interest rate immediately upon receipt or creation of the same.

F. Confirmation of the Plan shall impose an affirmative duty and legal obligation on the Real Property Creditor, to do all of the following:

1. Apply the payments received from the Trustee for payment on the Arrearage pursuant to the Plan. The Arrearage shall be deemed paid in full upon the entry of the Discharge Order in this case, unless otherwise ordered by the Court.

2. Treat the Debtor's account as contractually current upon confirmation of the Plan, thereby precluding the imposition, directly, or indirectly, of late payment charges or other default-related fees based solely on any prepetition default or the payments referred to above.

3. Apply the Conduit Payments to the month in which they were designated to be made under the Plan. Even if such payments are placed into a suspense, forbearance or similar account, they will be deemed to have been applied to the note pursuant to this subsection.

VII.  EFFECT OF PLAN COMPLETION

   A.  If the Debtor pays the Arrearage, together with interest, if any, as specified in the Plan, all prepetition defaults will be cured and the note and other loan documents will be deemed current as of the date of filing, extinguishing any right of the Real Property Creditor to recover any amount alleged to have arisen prior to the filing of the petition or to declare a default of the note, mortgage, or other loan documents based upon prepetition events.

   B.  If Debtor has made all payments required under the Plan, the Trustee shall file a motion seeking an order of the Court determining that all prepetition and, if applicable, postpetition defaults on Debtor's residential home mortgage debt are deemed cured and all payments made on such debt through the date of Plan completion are current, with no arrearage, escrow balance, late charges, costs or attorney fees owing, except to the extent that the Court orders otherwise. The Court shall retain jurisdiction over any order entered under this section, regardless of the closing of the Debtor's bankruptcy case.

**IT IS HEREBY ORDERED**

Dated: July 30, 2008

Effective Date: October 1, 2008

*[signature]*
Eileen W. Hollowell
U.S. Bankruptcy Judge

*[signature]*
James M. Marlar
U.S. Bankruptcy Judge

5