FILED & JUDGMENT ENTERED
Steven T. Salata

Oct 06 2011

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA

In Re:                                    )    Case No. 10-10939
                                          )         Chapter 13
**MICHAEL J. DOWNEY, and**                )
**CONNIE L. DOWNEY,**                     )
                                          )
       Debtors.                           )
_____ )

**ORDER ON MOTION FOR RECONSIDERATION AFFIRMING
ORDER ALLOWING RELIEF FROM STAY**

This matter is before the court for reconsideration of the Order entered June 27, 2011 that allowed relief from stay to the creditor holding the debtors' home mortgage. After a somewhat tortured process, the court has concluded that the creditor is entitled to relief from the automatic stay and that the court's prior Order should be affirmed.

The debtors are obligated on a loan from Kondaur Capital Corporation that is secured by a deed of trust on their home. The loan was a "balloon" loan that required monthly payments of

interest only and a final full payment. The debtors have remained current on their monthly interest payments, but failed to pay the balloon principal payment when the loan matured.

The debtors' Chapter 13 Plan proposed to extend the maturity date of the loan until the end of the debtors' five year Plan. The creditor did not object to the proposed Plan and accepted monthly interest payments until the loan matured.

After the maturity date of the loan, the creditor filed its motion for relief from stay and the court granted that motion. The debtors wrote a letter that caused the court to question its decision, so the court entered an order treating the letter as a motion for reconsideration and setting the matter for re-hearing. After the hearing the court announced that it would set aside the prior relief from stay order. Subsequently, the court has concluded that that announced decision is erroneous and improper.

The court was persuaded to set aside the relief from stay order primarily because the creditor had accepted a number of the debtors' monthly payments after the Plan had been confirmed. The court failed to grasp at that time that -- because this was a balloon note -- acceptance of those payments was not an agreement to the terms of the Plan. The acceptance of the monthly payments is not inconsistent with the creditor's rights upon default on the balloon payment.

The Bankruptcy Code does not permit the modification or extension of a home mortgage. The creditor here did not agree to the extension proposed by the debtors. The loan has matured and -- although the debtors have made all of their monthly interest payments -- the balance of the principal is due and the debtors have defaulted on that payment. Consequently, the creditor is entitled to relief from the stay.

Although the court is sympathetic to the debtors' position and their desire to save their home, the Code does not permit the remedy they seek.

It is therefore **ORDERED** that:

1. The court's Order dated June 27, 2011 allowing relief from stay to creditor Kondaur Capital Corporation is reaffirmed, and is effective as of that date.

**This Order has been signed electronically.**  **United States Bankruptcy Court**
**The Judge's signature and Court's seal**
**appear at the top of the Order.**